UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #19-CR-10104-ADB

_____

UNITED STATES

v.

DIOVANNI CARTER

_____

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
GOVERNMENT'S MOTION *IN LIMINE* TO
ADMIT JAIL RECORDING OF DARIUS CARTER**

**INTRODUCTION**

The government has moved *in limine* to admit a recorded jail call allegedly made by co-defendant Darius Carter to his parents on March 5, 2019.  This call took place 38 days after the robbery of the T-Mobile store and after all four of the individuals charged with participating in that robbery had been arrested.  During the portion of the call the government seeks to introduce, Darius Carter allegedly stated, *inter alia*: "Whenever you all speak to that kid Dio, just let that nigga know, keep his fucking mouth closed.  Don't even be talking."

This out-of-court statement is clearly inadmissible for myriad reasons.  First, the recording would not tend to make any fact of consequence in the case more or less probable than it would be without the recording.  Accordingly, it is not relevant under F.R.E. 401.  Second, with the exception

of the two sentences quoted above, the entire recording is hearsay, hence inadmissible under F.R.E. 802. It does not fit under the co-conspirator exception set forth in F.R.E. 801(d)(2)(E) since it was not made during and in furtherance of the conspiracy alleged in the indictment. Finally, any negligible probative value of this recording (or any portion thereof) is substantially outweighed by the danger of unfair prejudice to the defendant and thus should be excluded under F.R.E. 403.

### A. The Recording is Not Relevant.

Under F.R.E. 401, evidence is relevant if it has any tendency to make a fact of consequence to determining the case more or less probable than it would be without the evidence. The recording proffered by the government fails this most basic test of admissibility. The charges before the jury are that the defendant conspired to rob the T-Mobile store in Brockton on January 26, 2019 and committed various substantive offenses in connection with that robbery. This recording sheds absolutely no light on whether the defendant committed any of those charged offenses. As the First Circuit observed in another conspiracy case, "a prosecutor cannot justify the receipt of prejudicial, inadmissible evidence simply by calling it 'background' or 'context' evidence or by asserting that it has a non-hearsay relevance to an issue that is itself not relevant." *United States v. Benitez-Avila*, 570 F. 3d 364, 368 (1ˢᵗ Cir. 2009).[1]

The government argues that the recording is relevant to proof of a continuing conspiracy with "evolving goals". *Gov. Motion* at 10. This lame argument was rejected by the Supreme Court more than 70 years ago in *Krulewitch v. United States*, 366 U.S. 440, 442-443 (1949). The conspiracy charged in this case had a single alleged objective– to take property belonging to the T-Mobile store

---

[1] While the First Circuit's opinion does not specifically enumerate the charges, the defendant in *Benitez-Avila* was, in fact, charged and convicted on several conspiracy counts. *See* docket in *United States v. Benitez-Avila*, #05-CR-00381-JAG (D.P.R.).

by force and violence.  No continuing criminal enterprise was alleged, nor was any other objective of the conspiracy specified in the indictment.  The relevance of this particular evidence must be measured against the actual charges in this case, not imaginary charges or an uncharged protean conspiracy with "evolving" objectives.  That is not how the Rules of Evidence operate in our system of criminal justice.

**B.  With the Exception of Two Sentences, the Entire Recording is Hearsay.**

The government correctly points out that commands, instructions, and requests do not constitute hearsay because they have no factual content and thus cannot be offered to prove the truth of that content.  *See, e.g., United States v. Murphy*, 193 F.3d 1, 4-5 (1st Cir. 1999).  That characterization would seem to fit the two sentences quoted in the introduction to this memorandum.  However, the rest of the excerpts quoted in the government's motion all constitute hearsay since they all involve assertions of fact, *e.g.* "They caught up with ya boy;" "Brockton.  He'll be out there tomorrow;" "He was in Mattapan Square;" "I talked to him two days ago;" "We already got the nigga, the co-d snitching."  All of these statements constitute hearsay, inadmissible under F.R.E. 802, unless they fall under a recognized exception to the rule against hearsay.

**C.  The Recording Does Not Constitute a Co-Conspirator Statement Under F.R.E. 801(d)(2)(E).**

Contrary to the government's argument, statements made by Darius Carter 38 days after the T-Mobile robbery and after all four of the individuals charged with participating in that robbery had been arrested do not qualify as co-conspirator statements since they were not made during the pendency of and in furtherance of the single-objective conspiracy charged in the indictment.  A proper analysis of this legal issue should necessarily start with the Supreme Court's landmark

decision in *Krulewitch*.  There, the government argued that statements made by an alleged co-conspirator some six weeks after the central aim of the alleged conspiracy had been completed were admissible because "even after the central criminal objectives of a conspiracy have succeeded or failed, an implicit subsidiary phase of the conspiracy always survives, the phase which has concealment as its sole objective."  336 U.S. at 443.  As the Court put it, the government "now asks us to expand this narrow exception to the hearsay rule [for co-conspirator statements] and hold admissible a declaration, not made in furtherance of the alleged ... conspiracy charged, but made in furtherance of an alleged implied but uncharged conspiracy aimed at preventing detection and punishment."  *Id.* at 444.  The Court explicitly rejected this argument, noting: "We are not persuaded to adopt the government's implicit conspiracy theory which in all criminal conspiracy cases would create automatically a further breach of the general rule against the admission of hearsay evidence."  *Id.*  The First Circuit had repeatedly applied *Krulewitch* to hold post-arrest statements inadmissible under F.R.E. 801(d)(2)(E).  *E.g., United States v. Meises*, 645 F.3d 5, 18 n.21 (1st Cir. 2011); *United States v. Lombard*, 72 F.3d 170, 189 n.25 (1st Cir. 1995); *United States v. Serrano*, 870 F.2d 1, 8-9 (1st Cir. 1989); *United States v. Palow*, 777 F.2d 52, 57 (1st Cir. 1985).

In *Grunewald v. United States*, 353 U.S. 391, 405 (1957), the Court refined *Krulewitch*, noting the existence of a "vital distinction" between acts of concealment done in furtherance of the main criminal objective of a conspiracy and acts of concealment done after those central objectives have been achieved (or failed) for the sole purpose of covering up the crime.  Thus, in a case involving ongoing criminal activity, the First Circuit has held that post-arrest statements made by a co-conspirator were admissible under the co-conspirator exception since those statements "were intended to prevent the law enforcement officers from putting her out of business – and thus to allow

-4-

the conspiracy to continue operating." *United States v. Diaz*, 597 F.3d 56, 67-68 (1st Cir. 2010).  In this case, in contrast to *Diaz*, there is no doubt that the sole objective of this alleged conspiracy, *i.e.* to rob the T-Mobile store on January 26, 2019, had long since evaporated by March 5, 2019 when Darius Carter allegedly made this phone call.  Thirty-eight days had elapsed.  All four persons charged with participating in the robbery had been arrested.  There is not of any suggestion in the indictment of ongoing criminal activity, let alone a separate conspiracy to obstruct justice.  Accordingly, under *Krulewitch* and its progeny, none of these statements qualifies under the co-conspirator exception to the rule against hearsay.

> **D.**     **Even if it were Otherwise Admissible, the Recording Should be Excluded Under F.R.E. 403.**

Evidence which is otherwise relevant and admissible may be excluded under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice.  *See Benitez-Avila*, 570 F.3d at 368.  These statements attributed to Darius Carter should be excluded under this balancing test.  Any conceivable probative value of these statements (and the defendant asserts that their probative value is nil at his trial) would be substantially outweighed by the unfair prejudice he would suffer.  Diovanni Carter is not a party to this conversation.  He is not alleged in this conversation to have done anything in the past or to be planning anything in the future.  While the alleged statements may reflect on the **declarant's** state-of-mind, they say absolutely nothing about Diovanni's *mens rea*, let alone whether or not he actually participated in the robbery at issue.  In seeking to admit this statement, the government is endeavoring to convict Diovanni by imputing his brother's state-of-mind to him.  That is impermissible; it is unfair; and it violates F.R.E. 403.

## CONCLUSION

For the foregoing reasons, the government's motion *in limine* to admit the jail recording of

Darius Carter on March 5, 2019 should be denied.

Respectfully submitted,

**DIOVANNI CARTER**

By his attorneys,


_____/s/ James L. Sultan_____

James L. Sultan, BBO #488400

Kerry A. Ferguson, BBO #672649

Rankin & Sultan

151 Merrimac Street, 2nd Floor

Boston, MA 02114

(617) 720-0011

### CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 12, 2020.

_____/s/ James L. Sultan_____
